## United States District Court
### Southern District of Ohio
### Eastern Division

---

Timothy Herron
c/o Laufman Napolitano, LLC
4310 Hunt Road
Cincinnati, Ohio 45242

    Plaintiff,

  v.

Mitchel Reffett
c/o Pickaway County Sheriff's Office
600 Island Road
Circleville, OH 43113

   and

Stacey Eitel
c/o Pickaway County Sheriff's Office
600 Island Road
Circleville, OH 43113

   and

Matthew Hafey (*Individually and as Pickaway County Sheriff*)
c/o Pickaway County Sheriff's Office
600 Island Road
Circleville, OH 43113

    Defendants.

Case No. 2:25-cv-341

---

## Complaint with Jury Demand

---

## I. Preliminary Statement

1.     Timothy Herron brings this civil rights action to challenge a violation of his First Amendment right to free speech, an unlawful and excessive use of force against him, and his subsequent wrongful arrest and malicious prosecution.  The harms suffered by Mr. Herron were, in part, the result of constitutional failures by Pickaway County Sheriff Matthew Hafey, who hired Defendant Mitchel Reffett as a deputy sheriff, even though Defendant Reffett was not authorized nor empowered under Ohio law to act as a peace officer.  Mr. Herron brings this action for violations of his civil rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.

## II. Jurisdiction and Venue

2.     The claims in this matter are brought pursuant to 42 U.S.C. § 1983.  This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4).

3.     Venue is proper in the United States District Court for the Southern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1391.

## III. Parties

4.     Timothy Herron ("Mr. Herron") is a resident of the State of Ohio who, during all relevant times, resided within the Southern District of Ohio.

5.     Defendant Mitchel Reffett ("Defendant Reffett") was, during all relevant times, a deputy sheriff with the Pickaway County Sheriff's Office.  Defendant Reffett is sued in his individual capacity for actions taken under color of state law.

2

6.      Defendant Stacey Eitel ("Defendant Eitel") was, during all relevant times, a sergeant with the Pickaway County Sheriff's Office.  Defendant Eitel is sued in his individual capacity for actions taken under color of state law.

7.      Defendant Matthew Hafey ("Defendant Sheriff Hafey") was, during all relevant times, the duly elected Sheriff for Pickaway County, Ohio.  Defendant Hafey as Sheriff for Pickaway County was a policymaker.  Defendant Sheriff Hafey is sued both in his individual and official capacity as the Pickaway County Sheriff for actions taken under color of state law.

IV. Facts

8.      Mr. Herron incorporates all preceding allegations as if fully restated herein, and further alleges as follows:

*The events of Saturday, February 24, 2024*

9.      Mr. Herron was, during all relevant times, a law abiding citizen with a physical disability who resided at 166 ½ Watt Street, Circleville, Ohio, located within the Southern District of Ohio.

10.     Mr. Herron's residence is a duplex whereby two separate residences with two separate entrance doors share a common porch which runs the width of the residence.

11.     On the evening of February 24, 2024, Mr. Herron was at home having ordered a pizza for dinner.

12.     Defendants Reffett and Eitel arrived at 166 Watt Street while Mr. Herron was in the doorway of his home receiving his pizza.

13.     Defendant Reffett exited the police cruiser and shouted to Mr. Herron from a distance.

3

14. Defendants Reffett and Eitel were not present for any reason related to Mr. Herron or his residence.

15. Mr. Herron wanted to go into his home and eat his dinner. He told Defendant Reffett that whatever their business was, it had nothing to do with him.

16. Defendant Reffett commanded that Mr. Herron stay and continue to speak with him, even as Mr. Herron repeated that he had no information to provide about anything and that he did not wish to speak with Defendants Reffett and Eitel.

17. Defendant Reffett persisted in his demands and Mr. Herron ultimately stated "I don't give a fuck, dude. It ain't me that you're looking for."

18. In direct retaliation for Mr. Herron's speech, Defendant Reffett ordered Mr. Herron to exit his home and then immediately dragged Mr. Herron out of his home for what Defendant Reffett unjustly claimed was an "investigative stop."

19. Defendant Reffett's order that Mr. Herron exit his home was unlawful and without justification.

20. No warrant existed at the time to stop, search, detain, or arrest Mr. Herron.

21. There was no lawful justification to stop, search, detain, or arrest Mr. Herron.

22. Regardless of justification, Defendant Reffett was not authorized pursuant to Ohio law to stop, search, detain, or arrest Mr. Herron.

23. Defendant Reffett grabbed Mr. Herron, pulled him out of his residence, and shoved his face against a pillar on his porch, knocking off his glasses and injuring his face.

24. In his letter terminating Defendant Reffett, Defendant Sherriff Hafey wrote of this incident, in relevant part, "On February 12, 2024 you arrested a person after removing him from his residence without justification."

4

25.     Defendant Reffett used excessive force when he grabbed Mr. Herron and slammed him into the pillar before applying handcuffs and taking him into custody.

26.     There was no lawful justification to use force against Mr. Herron.

27.     Regardless of justification, Defendant Reffett was not authorized pursuant to Ohio law to use force against Mr. Herron.

28.     All force used against Mr. Herron by Defendant Reffett was excessive, served no legitimate law enforcement purpose, and was used in a wanton, willful, and malicious manner.

29.     Defendant Reffett's excessive use of force against Mr. Herron injured his head and face and resulted in extreme pain, suffering, humiliation, and permanent loss.

30.     Defendant Eitel was in a position and able to protect Mr. Herron from the excessive force used by Defendant Reffett and failed to do so.

31.     Defendants Reffett and Eitel placed Mr. Herron under arrest.

32.     Defendants Reffett and Eitel did not have a warrant to arrest Mr. Herron.

33.     Defendants Reffett and Eitel did not otherwise have probable cause or lawful justification to arrest Mr. Herron because he had committed no crimes, and they lacked probable cause to believe that he had done so.

34.     Regardless of justification, Defendant Reffett was not authorized pursuant to Ohio law to arrest Mr. Herron.

35.     Defendant Reffett conferred with Defendant Eitel and together the two agreed to take Mr. Herron to jail and charge him with obstruction of official business.

36.     Defendants Reffett and Eitel discussed that they would take Mr. Herron to jail because they had used force against him and thereby needed to do so in an effort to protect themselves from liability.

5

37.     Defendant Reffett and Eitel did not have probable cause or otherwise lawful justification to charge Mr. Herron with a crime and initiate legal proceedings against him.

38.     Defendant Reffett and Eitel charged Mr. Herron with crimes and instituted criminal proceedings against him for an ulterior purpose for which such proceedings were not designed including, without limitation, retaliation against him for the exercise of his First Amendment rights and in an effort to protect themselves from liability.

39.     Regardless of justification, Defendant Reffett was not authorized pursuant to Ohio law to charge Mr. Herron with a crime and initiate legal proceedings against him.

40.     Mr. Herron spent the night in jail as a result of the actions of Defendants Reffett and Eitel.

41.     Mr. Herron defended against the charges, which were ultimately dismissed.

42.     During all relevant times, Defendants Reffett and Eitel acted with malicious purpose, in bad faith, and/or in wanton or reckless manner.

43.     During all relevant times, Defendants Reffett and Eitel acted under color of state law in their capacities as deputies of the  County Sheriff's Office.

### *The hiring and empowerment of Defendant Herron by Defendant Hafey*

44.     During all times relevant, Defendant Hafey was the duly elected Sheriff of Pickaway County, Ohio.

45.     Ohio law requires that any commissioned law enforcement officer be certified as having met certain minimum and ongoing standards of training and qualification to perform the functions of a peace officer.

6

46.     Defendant Reffett's certification was placed in a "cease function" status on December 31, 2022, as a result of his failure to maintain the minimum and ongoing standards of training necessary to maintain his certification to perform the functions of a peace officer.

47.     Defendant Reffett's certification remained in a "cease function" status at the time he was hired by Defendant Hafey and at all times relevant to this action.

48.     Defendant Hafey hired Defendant Reffett as a deputy sheriff, signed his commission, and set him about policing individuals in Pickaway County as of January 21, 2024.

49.      Defendant Hafey did not verify that Defendant Reffett was a certified peace officer before he was hired as a deputy sheriff and dispatched to police individuals within Pickaway County.

50.     In so doing, Defendant Hafey was deliberately indifferent to the safety and constitutional rights of individuals such as Mr. Herron.

51.     The harm caused to Mr. Herron was the direct and foreseeable consequence of Defendant Hafey's actions and failures.

52.     Mr. Herron suffered damages including, without limitation, physical injury, pain, suffering, emotional distress, embarrassment, humiliation, and deprivation of liberty, as a direct and proximate result of the actions of all Defendants.

V. Cause of Action – 42 U.S.C. § 1983
*(Excessive Force)*

53.     Mr. Herron incorporates all preceding allegations as if fully restated herein, and further alleges as follows:

54.     Defendants Reffett and Eitel, while acting under color of state law, subjected Mr. Herron to and/or failed to protect him from excessive force, which deprived him of the rights,

7

privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

55.     Defendants Reffett and Eitel, while acting under color of state law, denied Mr. Herron his right to Due Process, including the privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by subjecting him to excessive force.

56.     The unconstitutional actions of Defendants Reffett and Eitel directly and proximately caused Mr. Herron to suffer serious and lasting harm including, without limitation, physical injury, pain, suffering, and emotional distress, which Mr. Herron continues to suffer in the wake of these events.

VI. Cause of Action – 42 U.S.C. § 1983
(*Wrongful Arrest*)

57.     Mr. Herron incorporates all preceding allegations as if fully restated herein, and further alleges as follows:

58.     Defendants Reffett and Eitel, while acting under color of state law, arrested Mr. Herron without a warrant, and otherwise without probable cause and lawful authority to do so.

59.     Defendants Reffett and Eitel, while acting under color of state law, set in motion a legal proceeding against Mr. Herron to accomplish an ulterior purpose for which it was not designed that caused damage to him as a result.

60.     Defendants Reffett and Eitel, while acting under color of state law, set in motion a legal proceeding against Mr. Herron to punish him for asserting his constitutional rights under the First Amendment.

61.     Defendants Reffett and Eitel, while acting under color of state law, otherwise denied Mr. Herron his right to Due Process as secured by the First, Fourth, and Fourteenth

Amendments to the United States Constitution by charging him with crimes he did not commit, which they had no probable cause to believe he committed, and which were set in motion to accomplish an ulterior purpose for which those charges were not designed.

62.     The unconstitutional actions of Defendants Reffett and Eitel directly and proximately caused Mr. Herron to suffer damages including, without limitation, embarrassment, humiliation, and deprivation of liberty.

VII. Cause of Action – 42 U.S.C. § 1983
(*Malicious Prosecution*)

63.     Mr. Herron incorporates all preceding allegations as if fully restated herein, and further alleges as follows:

64.     Defendants Reffett and Eitel, while acting under color of state law, initiated and made, influenced, and/or participated in the decision to prosecute Mr. Herron, without probable cause to do so.

65.     Defendants Reffett and Eitel, while acting under color of state law, initiated and made, influenced, and/or participated in the decision to prosecute Mr. Herron to punish him for asserting his constitutional rights under the First Amendment.

66.     Mr. Herron suffered a deprivation of liberty apart from his initial seizure, being taken to jail, processed, and held until his eventual release.

67.     Mr. Herron defended against the charges which were dismissed.

68.     Defendants Reffett and Eitel, while acting under color of state law, denied Mr. Herron his right to Due Process as secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution by charging him with crimes he did not commit, which they had no probable cause to believe he committed.

69.     The unconstitutional actions of Defendants Reffett and Eitel directly and proximately caused Mr. Herron to suffer damages including, without limitation, embarrassment, humiliation, and deprivation of liberty.

## VIII. Cause of Action – 42 U.S.C. § 1983
### (*Monell-Pembaur Liability*)

70.     Mr. Herron incorporates all preceding allegations as if fully restated herein, and further alleges as follows:

71.     Defendant Hafey, while acting under color of state law, was the moving force causing Mr. Herron the denial of his right to Due Process, including the privileges and immunities secured to him by the First. Fourth, and Fourteenth Amendments to the United States Constitution.

72.     Defendant Hafey's unconstitutional actions and failures directly and proximately caused Mr. Herron to suffer serious and lasting harm including, without limitation, physical injury, pain, suffering, embarrassment, humiliation, deprivation of liberty, and emotional distress which Mr. Herron continues to suffer in the wake of these events.

## IX. Prayer for Relief

WHEREFORE, Plaintiff Timothy Herron prays that this Court grant him judgment against the Defendants, jointly and severally, as follows:

1.     For compensatory damages in an amount to be shown at trial;

2.     For punitive damages in an amount to be shown at trial;

3.     For his reasonable attorney's fees and costs under 42 U.S.C. § 1988(b), and;

4.     For such additional relief as the Court deems just and proper.

Respectfully submitted,

Paul M. Laufman (0066667)
Gregory A. Napolitano (0068671)
LAUFMAN NAPOLITANO, LLC
4310 Hunt Road
Cincinnati, OH 45242
p (513) 621-4556
f (513) 621-5563
*plaufman@LN-lawfirm.com*
*gnapolitano@LN-lawfirm.com*
*Counsel for Plaintiff Timothy Herron*

<u>Jury Demand</u>

Plaintiff hereby demands a jury trial on all issues so triable.

Paul M. Laufman

11